UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARTOUR BAGANOV,<br><br>Plaintiff,<br><br>v.<br><br>ALEKSANDR IVASHKIN, *et al.*,<br><br>Defendants. | Case No. C25-2216-RSM<br><br>ORDER GRANTING AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND DISCOVERY PLAN AND CONTINUE CASE DEADLINES |

This matter comes before the Court on Plaintiff's Motion to Amend Discovery Plan and Continue Case Deadlines. Dkt. #34. Defendants oppose Plaintiff's request to amend the discovery plan. Dkt. #36. No party has requested oral argument.

Defendants' Motion to Dismiss, filed on January 8, 2026, remains pending. Dkt. #19. On January 23, 2026, the parties filed a Joint Status Report, agreeing to pause discovery pending the resolution of Defendants' Motion to Dismiss. Dkt. #23. The current case schedule sets the discovery deadline as December 21, 2026, and trial is set for April 19, 2027. Dkt. #24.

Plaintiff filed the instant Motion on September 1, 2026. Dkt. #34. Plaintiff requests a continuance of eight months and to open discovery "only on the claims not subject to the Motion to Dismiss[.]" *Id.* at 2. Defendants agree that good cause exists to continue deadlines but contend that the proposed discovery is a "potentially wasteful use of the Parties' time and resources" because all of Plaintiff's claims are subject to Defendants' pending Motion. Dkt. #36 at 5.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The decision to modify a scheduling order is within the broad discretion of the district court. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Id*. at 609. If a party has acted diligently yet still cannot reasonably meet the scheduling deadlines, the court may allow modification of the schedule. *Id*. However, "if that party was not diligent, the inquiry should end" and the motion to modify should not be granted. *Id*. Local Civil Rule 16(m) states that "this rule will be strictly enforced" in order to "accomplish effective pretrial procedures and avoid wasting the time of the parties, counsel, and the court."

Given all of the above, including the parties' agreement, the Court finds good cause to continue the case schedule deadlines. However, Plaintiff's argument for limited discovery fails, as Defendants' pending motion challenges the Court's subject matter jurisdiction, is potentially dispositive of the entire case, and, as the parties already agreed, does not require discovery at this time. Accordingly, Plaintiff's request to amend the discovery plan will be denied.

Having reviewed the instant Motion, relevant briefing, and remainder of the record, the Court hereby finds and ORDERS that Plaintiffs' Motion to Amend Discovery Plan and Continue Case Schedule Deadlines, Dkt. #34, is GRANTED AND DENIED IN PART as detailed herein. A new scheduling order shall follow.

DATED this 23rd day of September, 2026.

Ricardo S. Martinez
United States District Judge